UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAVERY,<br><br>          Plaintiff,<br><br>   v.<br><br>B. DHILLON, et al.,<br><br>          Defendants. | No.  2:13-cv-2083 MCE AC P<br><br><br>ORDER |

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This case was transferred in from the Northern District on October 8, 2013.  ECF Nos. 14, 15. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §
3    1915(b)(2).
4        The court is required to screen complaints brought by prisoners seeking relief against a
5    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11   Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
12   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13   490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14   pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15   Cir. 1989); Franklin, 745 F.2d at 1227.
16       A complaint must contain more than a "formulaic recitation of the elements of a cause of
17   action;" it must contain factual allegations sufficient to "raise a right to relief above the
18   speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading
19   must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]
20   a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and
21   Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual
22   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
23   566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has
24   facial plausibility when the plaintiff pleads factual content that allows the court to draw the
25   reasonable inference that the defendant is liable for the misconduct alleged." Id.
26       In reviewing a complaint under this standard, the court must accept as true the allegations
27   of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740
28   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

1 the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

2 Plaintiff names the following as defendants at California Medical Facility-Vacaville (CMF): Dr. B. Dhillon; Dr. Faiza Rading; Dr. Michele Ditomas; C.E.O. Jackie Clark and Warden Brian Duffy.  Plaintiff alleges that on August 17, 2012, an unnamed nurse gave him an unidentified injection in his "right butt cheek," hitting his sciatic nerve instead of muscle.  Plaintiff states that he immediately sought treatment for his injury but on dates and times "too numerous to[] write down," defendant Dhillon refused him treatment as did his supervisor, defendant Rading, and, in turn, her supervisor, defendant Ditomas.  ECF No. 5 at 1-3.

Although plaintiff provides no specifics as to his requests, he alleges that he has documented his efforts in the form of copies of sick call slips and 602 grievances.  Plaintiff also claims that "all" defendants had canceled tests that had been ordered, specifying "nerve conduction study and electrogram."  It is unclear whether plaintiff also is alleging that he had an appointment with a neurologist that was cancelled or that his request to see one was denied.  Plaintiff claims to have had cellfeed lay-ins denied when he needed them, as well as crutches and a wheelchair.  He alleges that while he was told that he "would get better . . . . things got worse."  Plaintiff seeks compensatory and punitive damages as well as declaratory and unspecified injunctive relief.  Confusingly, although he appears to have alleged that he has been denied a wheelchair, he also states in the section of the complaint form entitled "relief" that he is "confined to a wheelchair."  Id. at 3.

Eighth Amendment Inadequate Medical Care Claim

In order to state a §1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 5 (1992).

3

1    A serious medical need exists if the failure to treat a prisoner's condition could result in
2    further significant injury or the unnecessary and wanton infliction of pain. Indications that a
3    prisoner has a serious need for medical treatment are the following: the existence of an injury
4    that a reasonable doctor or patient would find important and worthy of comment or treatment; the
5    presence of a medical condition that significantly affects an individual's daily activities; or the
6    existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-
7    41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).
8    McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX
9    Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

10    In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very
11    demanding standard for "deliberate indifference." Negligence is insufficient. Farmer, 511 U.S.
12    at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm
13    which is so obvious that it should be known) is insufficient to establish an Eighth Amendment
14    violation. Id. at 836-37. It not enough that a reasonable person would have known of the risk or
15    that a defendant should have known of the risk. Id. at 842. Rather, deliberate indifference is
16    established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to
17    inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal
18    citation omitted) (emphasis added).

19    A physician need not fail to treat an inmate altogether in order to violate that inmate's
20    Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A
21    failure to *competently* treat a serious medical condition, even if some treatment is prescribed, may
22    constitute deliberate indifference in a particular case. Id. However, mere differences of opinion
23    concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.
24    Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th
25    Cir. 1981). In cases involving complex medical issues where plaintiff contests the type of
26    treatment he received, expert opinion will almost always be necessary to establish the necessary
27    level of deliberate indifference. Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988).
28    A finding that an inmate was seriously harmed by the defendant's action or inaction tends

4

to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

Plaintiff evidently seeks to implicate defendants Dhillon, Rading and Ditomas for an Eighth Amendment violation but his allegations against them must be dismissed because they are vague and conclusory. He must set forth facts sufficient to demonstrate that they have shown deliberate indifference to a serious medical condition. Defendants Dhillon, Rading and Ditomas will be dismissed but plaintiff will be granted leave to amend.

### Defendants Clark and Duffy

Plaintiff fails named defendants Clark and Duffy in the body of his allegations, thus failing to link them to any alleged constitutional deprivation he has suffered.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

1  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague
2  and conclusory allegations concerning the involvement of official personnel in civil rights
3  violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
4  Therefore, defendants Duffy and Clark are dismissed in their individual capacities but with leave
5  to amend.
6  However, "[a] plaintiff seeking injunctive relief against the State is not required to allege a
7  named official's personal involvement in the acts or omissions constituting the alleged
8  constitutional violation."  Hartmann v. California Dept. of Corr. & Rehab., 707 F.3d 1114, 1127
9  (9th Cir. 2013) (citing Hafer v. Melo, 502 U.S. 21, 25(1991)) ("Suits against state officials in
10 their official capacity therefore should be treated as suits against the State."); Kentucky v.
11 Graham, 473 U.S. 159, 166 (1985).  "Rather, a plaintiff need only identify the law or policy
12 challenged as a constitutional violation and name the official within the entity who can
13 appropriately respond to injunctive relief."  Hartmann, 707 F.3d at 1127 (citing Los Angeles
14 County. v. Humphries,131 S.Ct. 447, 452, 454 (2010); Hafer, 502 U.S. at 25).   Because plaintiff
15 has not alleged an unconstitutional policy of the state, defendants Duffy and Clark are dismissed
16 in their official capacities. Plaintiff is granted leave to amend.  If he elects to amend to name
17 Duffy and possibly Clark as defendants in an official capacity, he must clarify the form of
18 injunctive relief he seeks.
19 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
20 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
21 Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how
22 each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
23 is some affirmative link or connection between a defendant's actions and the claimed deprivation.
24 Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
25 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
26 allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
27 of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
28 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

6

1   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

2   complaint be complete in itself without reference to any prior pleading.  This is because, as a

3   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

4   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

5   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

6   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

7           Request for Counsel

8           Plaintiff has requested the appointment of counsel.[1]  The United States Supreme Court has

9   ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983

10  cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional

11  circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

12  1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900

13  F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case at this time, the court does not find the

14  required exceptional circumstances.  Plaintiff's request for the appointment of counsel will

15  therefore be denied.

16          In accordance with the above, IT IS HEREBY ORDERED that:

17          1. Plaintiff's request for leave to proceed in forma pauperis is granted.

18          2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

19  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

20  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

21  Director of the California Department of Corrections and Rehabilitation filed concurrently

22  herewith.

23          3. The complaint is dismissed for the reasons discussed above, with leave to file an

24  amended complaint within twenty-eight days from the date of service of this order.  Failure to file

---

[1] Actually, it appears that it is plaintiff's brother who has filed a request for counsel on plaintiff's behalf.  This not an appropriate filing.  The request is also inappropriately directed to the Clerk of Court and contains a vague reference to plaintiff's having sustained a head injury.  Insufficient information is provided to warrant the court's consideration of the request, particularly in light of the fact that the complaint does not frame colorable allegations.

an amended complaint will result in a recommendation that the action be dismissed.

    4.  Plaintiff's request for appointment of counsel (ECF No. 17) is denied.

DATED: November 21, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE