UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAVERY, | No. 2:13-cv-2083 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| B. DHILLON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed an action pursuant to 42 U.S.C. § 1983, which was transferred to this court on October 8, 2013.  ECF No. 15.  By order filed on November 22, 2013, plaintiff's complaint was dismissed with leave to amend within 28 days and his request for appointment of counsel was denied.  ECF No. 21.  Plaintiff has subsequently filed additional requests for appointment of counsel and motions for extensions of time to file an amended complaint.  ECF Nos. 24, 26, 27.

Plaintiff has been previously informed that the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In support of his motions for appointment of counsel,

plaintiff submits documentation indicating he suffered a brain injury as a result of a forklift accident in 1982. ECF No. 25. Plaintiff also produces mental health treatment records from 2001 indicating he suffers from serious cognitive/memory deficits. Id. In 2001, he was apparently placed in the E.O.P. (Enhanced Outpatient Program) level of care. Id. Nevertheless, plaintiff's original complaint simply did not frame colorable claims and it is not at all clear that appointment of counsel could rectify such an infirmity. In addition, many inmates suffer from deficits but nevertheless by necessity proceed pro se. Therefore, in the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied, but plaintiff is informed that any amended pleadings will be liberally construed. In addition the court will grant plaintiff's requests for extension of time to file an amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for the appointment of counsel (ECF Nos. 24, 26) are denied.

1. Plaintiff's motions for an extension of time (ECF Nos. 26, 27) are granted;

2. Plaintiff is granted thirty days from the date of this order in which to file an amended complaint.

DATED: January 3, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE