UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAVERY, | No.  2:13-cv-2083 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| B. DHILLON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint proceeds against defendants Dhillon, Rading, Ditomas, and Clark for inadequate medical care in violation of the Eighth Amendment.  Plaintiff has requested appointment of counsel and a court order regarding legal supplies and access to a typewriter.  See ECF No. 38, 40, 45, 48, 49, 51, 54, 55.

I.   Plaintiff's Allegations

Plaintiff's requests for appointment of counsel and access to a typewriter are based on the same general allegations, which are unrelated to the underlying complaint.  In support of his requests, plaintiff alleges that he has a disability recognized by the Americans with Disabilities Act (ADA) which makes it "hard for [him] to read, write, and/or understand [his] case."  ECF No. 40 at 1; ECF No. 45 at 1.  Specifically, plaintiff asserts that his degenerative joint condition (arthritis) makes it difficult and extremely painful for him to use his hands to write.  ECF No. 38 at 4; ECF No. 40 at 1.  The more he writes, the more difficult writing becomes.  ECF No. 51 at 5.

1 While in the past plaintiff received assistance preparing legal documents, he will no longer be
2 able to receive help from other inmates or law library staff.  Plaintiff recently received a Monday
3 through Friday prison work assignment and is only able to go to the law library on Saturday and
4 Sunday, when the library technician and other inmate assistants are not working.  ECF No. 51, 54.
5 Plaintiff alleges that without assistance, he will not be able to fully prosecute his case.  ECF No.
6 40, 45.  Plaintiff asserts that these circumstances warrant appointment of counsel and a court
7 order granting him access to a typewriter.

8       II.      Motion to Appoint Counsel (ECF No. 38, 40, 45, 48)

9 The United States Supreme Court has ruled that district courts lack authority to require
10 counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490
11 U.S. 296, 298 (1989).  Only in certain exceptional circumstances may the district court request
12 the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935
13 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
14 The court must evaluate plaintiff's likelihood of success on the merits and plaintiff's ability to
15 articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v.
16 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.
17 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law
18 library access, do not establish the requisite exceptional circumstances that would warrant a
19 request for voluntary assistance of counsel.  The burden of demonstrating exceptional
20 circumstances is on plaintiff.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

21 The court finds that plaintiff has not satisfied the exceptional circumstances requirement.
22 Plaintiff's asserted inability to articulate his claims stems from his inability to handwrite
23 documents, not the complexity of the issues involved.  See Wilborn, 789 F.2d at 1331.
24 Furthermore, in light of plaintiff's request for access to a typewriter, addressed below, it appears
25 that plaintiff will be able to articulate his claims and prosecute this action if he is provided with
26 reasonable accommodations for his disability.  Under these circumstances, appointment of
27 counsel is not warranted.  Accordingly, plaintiff's motion for appointment of counsel is denied
28 without prejudice to renewal at a later stage of the proceedings.

III.     Request for Access to a Typewriter (ECF No. 50, 55)

Plaintiff seeks a court order granting him access to a typewriter in the prison law library, ECF No. 51, and states that he needs someone to help him write, ECF No. 55 at 3.  It is unclear why plaintiff needs a court order for a typewriter, as he does not allege that he has been denied access to a prison typewriter.  However, the court notes that many of the typed documents submitted by plaintiff in this action appear to have been prepared by other inmates or CDCR law library employees on plaintiff's behalf.[1]  See ECF No. 40, 45, 49.  The court's review of plaintiff's filings indicates that while plaintiff may have had some access to a typewriter in the past, it may be that he requires extra time with the typewriter or assistance using the typewriter because of his disability.  For example, one document prepared on plaintiff's behalf alleges that where it would take a "normal person" one hour or less to use the typewriter or E-Law Library, "it takes [plaintiff] 4-5 hours to get the tiny bit of info [*sic*] that he needs."  ECF No. 54 at 1.

In any event, plaintiff's need for some form of writing assistance appears legitimate.  The court is particularly concerned that plaintiff's failure to oppose defendants' motion to dismiss appears to be related to his physical inability to handwrite his opposition.[2]  Accordingly, the

---

[1] Plaintiff's request for counsel and legal assistance is signed by a CDCR employee and reads in relevant part:

> Inmate Lavery was assisted in writing this letter by M. McAfee, Library Technical Assistant (LTA).  This assistance was given to satisfy obligations of the California Department of Corrections and Rehabilitation and under the terms of two court ordered remedial plans.  Armstrong v. Schwarzenegger and Clark v. California are federal civil rights actions brought pursuant to the Americans with Disabilities Acts (ADA).  Under the terms of the remedial plans, the Department of Corrections and Rehabilitation is obligated to advise the court that the above inmate is claiming a disability and is requesting a reasonable accommodation under the ADA.  This letter satisfies the department's obligation.  The above inmate may be unable to effectively communicate with the court or fully prosecute this action do to the claimed disability.

ECF No. 40 at 1; ECF No. 45.

[2] On March 18, 2015, defendants Clark, Ditomas, and Rading filed a motion to dismiss plaintiff's complaint.  ECF No. 47.  In response, plaintiff filed a document requesting access to a typewriter because of his "medical conditions with his writing" and stating without elaboration, "I oppose everything [the] Attorney General said . . ."  ECF No. 50.  On May 11, 2015, defendant Dhillon filed a separate motion to dismiss plaintiff's complaint.  ECF No. 53.  Plaintiff has filed a few (continued…)

3

Deputy Attorney General is directed to file within seven days a statement describing what reasonable accommodations, if any, are currently being provided to plaintiff to assist him with writing, as necessary to litigate this action. If no accommodations are available to plaintiff, the statement should explain why not.

IV.     Request for Court Order Regarding Legal Supplies (ECF No. 51)

Plaintiff also seeks a court order directing the law library to provide him with envelopes and paper. ECF No. 51 at 3, 5. Plaintiff has not alleged that these items have been requested from prison officials, nor that such a request has been unreasonably denied. Plaintiff's vague allegation that he is "hav[ing] trouble getting stuff" is insufficient. Accordingly, plaintiff's request for court-ordered legal supplies is denied.

V.      Request for Status Re Missing Filing (ECF No. 49)

On April 5, 2015, plaintiff filed a document entitled "Extension of Time to Retain Counsel," which is noticed on the docket as "Request for Status re missing filing." ECF No. 49. In this document, plaintiff states that he received paperwork from the Attorney General on April 2, 2015 regarding plaintiff's failure to "file an opposition or statement of non-opposition as required by Local Rule 230[l]." Id. at 1. Plaintiff appears to allege that he filed an opposition, but it was not received by the court.

The court is unclear as to what document plaintiff alleges is missing. Defendant Clark, Ditomas, and Rading's motion to dismiss was filed on March 30, 2015. On April 5, 2015, the date of plaintiff's letter, plaintiff's opposition was not yet due and it seems unlikely that plaintiff had already mailed his opposition to defendants' March 30, 2015 motion to dismiss. In any event, plaintiff is advised that the court received his "opposition" to defendant Clark, Ditomas, and Rading's motion to dismiss, which was filed by the clerk on April 23, 2015.[3] ECF No. 47. However, plaintiff is informed that the court has <u>not</u> received his opposition to defendant

---

single-paragraph documents requesting writing assistance or access to a typewriter, see ECF No. 51 and 55, but has not yet opposed defendant Dhillon's motion to dismiss.

[3] The court notes that plaintiff's "opposition" merely states, "I oppose everything [the] Attorney General said in [defendants'] notice of motion and motion to dismiss plaintiff's complaint." ECF No. 50 at 2.

Dhillon's motion to dismiss. To the extent plaintiff requests that the court "find out whatever happened to [plaintiff's] filing," the request is denied.

VI.     Request for 60-Day Extension of Time to Retain Counsel (ECF No. 49)

Plaintiff also requests "60 days to retain counsel to properly represent him" and states that he "has been in contact with a lawyer regarding [representation]." ECF No. 49 at 2. It is unclear from plaintiff's request whether he is asking the court to appoint counsel within 60 days or if he means to request a 60-day extension to file an opposition to defendants' motion to dismiss while he attempts to retain counsel on his own. As discussed above, plaintiff's request for court-appointed counsel is denied. To the extent plaintiff requests an extension of time to oppose defendants' motion to dismiss, the court is willing to entertain such a request. However, because it is unclear what type of extension plaintiff seeks, the request is denied at this time. If plaintiff chooses to file a new motion for an extension of time, plaintiff must clarify what deadline he seeks to extend and why he needs the extension.

Accordingly, IT IS HEREBY ORDERED that:

(1) Plaintiff's motions for the appointment of counsel (ECF No. 38, 40, 45, 48) are denied without prejudice;

(2) Plaintiff's request for a court order (ECF No. 51) is denied in part and granted in part. It is denied as to plaintiff's request for paper and envelopes. It is granted to the extent that the Deputy Attorney General is directed to file a statement within seven (7) days of the date of this order, describing any writing-related accommodations available to plaintiff; and

(3) Plaintiff's request for status regarding a missing filing (ECF No. 49) is denied.

DATED: June 15, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE