1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11    JOSEPH LAVERY,                          No.  2:13-cv-2083-MCE-AC P

12                 Plaintiff,
                                              **ORDER**
13         v.

14    B. DHILLON, et al.,

15                 Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed

18    numerous documents with the Court detailing his difficulty in prosecuting his case due to

19    his degenerative arthritis and has repeatedly requested appointment of counsel.  See

20    ECF Nos. 38, 40, 45, 48, 49, 51, 54, 55.  On June 16, 2015, the assigned magistrate

21    judge issued an order denying Plaintiff's requests for appointment of counsel.  ECF No.

22    59.  However, the magistrate judge requested further briefing from the Deputy Attorney

23    General regarding what reasonable accommodations, if any, are currently being

24    provided to Plaintiff to assist him with writing.  The June 16, 2015 order also addressed

25    Plaintiff's request for a court order regarding access to legal supplies, a request for the

26    status of a missing filing, and a request for a sixty-day extension, finding the three

27    requests too ambiguous to grant.  Id.  On June 25, 2015, Plaintiff filed a Motion for

28    Reconsideration of the June 16, 2015 order.  ECF No. 63.

                                              1

1    Pursuant to Local Rule 303(f), Plaintiff is entitled to reconsideration if the

2  magistrate judge's decision is either "clearly erroneous or contrary to law."  See 28

3  U.S.C. § 636(b)(1)(A).  In applying the clearly erroneous standard, this Court will not

4  reverse the magistrate judge's order simply because the Court "would have decided the

5  case differently."  Anderson v. Bessemer City, 470 U.S. 564, 573 (1985).  "Rather, a

6  reviewing court must ask whether, 'on the entire evidence,' it is 'left with the definite and

7  firm conviction that a mistake has been committed.'"  Easley v. Cromartie, 532 U.S. 234,

8  242 (2001) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395

9  (1948)).  Motions for reconsideration are therefore not intended to "give an unhappy

10  litigant one additional chance to sway the judge."  Kilgore v. Colvin, No. 2:12-cv-1792-

11  CKD, 2013 WL 5425313, at *1 (E.D. Cal. Sept. 27, 2013).  Additionally, motions for

12  reconsideration should not be used to raise arguments or present evidence that could

13  have reasonably been raised or presented earlier.  Marlyn Nutraceuticals, Inc. v. Mucos

14  Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

15    Plaintiff first argues that there is a factual error in the order.  In discussing

16  Plaintiff's allegations that he was having trouble prosecuting his case, the assigned

17  magistrate noted that "Plaintiff recently received a Monday through Friday prison work

18  assignment and is only able to go to the law library on Saturday and Sunday, when the

19  library technician and other inmate assistants are not working."  Order, ECF No. 59, at 2.

20  In his Motion for Reconsideration, Plaintiff notes that he received this full-time work

21  assignment back in August 21, 2014, not "recently" as stated in the order.  Mot., ECF

22  No. 63, at 1.  This corrected fact does not convince the Court that the magistrate judge's

23  response—a request for further briefing from the Deputy Attorney General—was in error.

24    The briefing by the Deputy Attorney General should also address Plaintiff's next

25  argument that he has been denied access to a typewriter despite having a

26  Comprehensive Accommodation Chrono stating that Plaintiff needs a typewriter.  See

27  ECF No. 63 at 5.  Presumably, Plaintiff's issues with access to paper for the typewriter

28  ///

1  will also be addressed because, as Plaintiff notes, a typewriter is useless without paper.

2  Id. at 3.

3        Finally, Plaintiff argues that he has not been receiving "priority (preferred legal

4  user) ducat/passes."  This claim was not addressed in the June 16, 2015 order and is

5  therefore not appropriate for review on a Motion for Reconsideration.  See Marlyn

6  Nutraceuticals, Inc., 571 F.3d at 880.

7        For the reasons stated above, Plaintiff's Motion for Reconsideration (ECF No. 63)

8  is DENIED.

9        IT IS SO ORDERED.

10  Dated:  June 30, 2015

11

12

13  _____

14  MORRISON C. ENGLAND, JR, CHIEF JUDGE
    UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25

26

27

28