UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAVERY, | No. 2:13-cv-2083 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| B. DHILLON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at California Medical Facility ("CMF") in Vacaville, California, where the alleged violations of plaintiff's rights took place. This order addresses defendants' motions to dismiss the complaint, as well as various motions filed by plaintiff regarding writing-related accommodations.

I.   Background

This action proceeds against defendants Dhillon,[1] Clark, Ditomas, and Rading on the first amended complaint, filed February 11, 2014. ECF No. 30. The complaint alleges that defendant Dhillon violated plaintiff's constitutional rights under the Eighth Amendment when he failed to provide plaintiff with adequate medical treatment after a nurse hit plaintiff's sciatic nerve while

---

[1] Defendant Dhillon is represented by private counsel.

1

1    giving him an injection.  Id. at 2, 3.  The complaint further alleges that defendants Clark,

2    Ditomas, and Rading denied plaintiff's emergency appeals and other requests for treatment and

3    medical care.  See id.

4         On March 30, 2015, defendants Clark, Ditomas, and Rading filed a motion to dismiss

5    plaintiff's first amended complaint.  ECF No. 47.  On April 23, 2015, plaintiff filed a document

6    stating that he opposed defendants' motion, and requesting access to a typewriter.  ECF No. 50.

7    Between April 18, 2015 and May 11, 2015, plaintiff filed three additional requests for a

8    typewriter or assistance with writing.  See ECF Nos. 51, 54, 55.  Plaintiff explained in his

9    motions that his degenerative arthritis makes it difficult for him to handwrite documents.  See id.

10        On May 11, 2015, defendant Dhillon filed a motion to dismiss.[2]  ECF No. 53.

11        On June 16, 2015, the court issued an order directing the Deputy Attorney General to file

12   a statement explaining what accommodations are available to accommodate plaintiff's disability.

13   ECF No. 59.  Prior to receiving the court's June 16, 2015 order, plaintiff filed several additional

14   requests for accommodations.  See ECF Nos. 57, 58, 62.

15        On June 25, 2015, plaintiff filed a motion for reconsideration of the court's June 16, 2015

16   order, ECF No. 63, followed by another motion for assistance, ECF No. 65.

17        On July 1, 2015, the district judge denied plaintiff's motion for reconsideration.  ECF No.

18   66.  On July 10, 2015, plaintiff filed a "status report."  ECF No. 68.

19        On July 17, 2015, the Deputy Attorney General filed a Statement of Available

20   Accommodations indicating that plaintiff has access to writing-related accommodations but has

21   not taken advantage of them in that he has not asked for assistance.  ECF No. 67 at 3.

22        On July 20, 2015, plaintiff filed a response to the order denying plaintiff's motion for

23   reconsideration.  ECF No. 69.  On August 20, 2015, plaintiff filed a motion for an extension of

24   time to file another response to the order denying his motion for reconsideration.  ECF No. 70.

25   Plaintiff thereafter continued to file notices, letters, supplements, and requests concerning his

26   ////

27

28   [2]  Plaintiff has not filed a separate opposition to defendant Dhillon's motion to dismiss.

desire for law library accommodations and medical treatment.  See ECF Nos. 71, 73, 74, 75, 76, 77, 78, 79, 80, 82, 83, 87, 88, 89, 90, 91, 92, 93, 94.

II.  Excessive Filings by Plaintiff

At the outset, plaintiff is warned that if he continues to inundate the court with repetitive and piecemeal filings, they will be disregarded due to the excessive burden they place upon the court.  Given this court's caseload and the volume of documents filed by plaintiff, it is almost impossible to respond to all of plaintiff's filings.  However, the court will attempt to address the most serious and clearly stated issues.[3]

III.  Request for Accommodations

A.  Defendants' Statement of Available Accommodations

In response to the court's June 16, 2015 order, the Deputy Attorney General filed a Statement of Available Accommodations indicating that the following accommodations are available at the CMF Law Library for inmates with writing-related disabilities:

> [1.] The Library at CMF provides four typewriters to prisoners on a first-come-first serve basis.  Prisoners may request additional time from the librarian on an as-needed basis.  If a librarian cannot immediately accommodate a prisoner asking to use a typewriter, or for additional typewriter time, they will issue a pass for the prisoner to return at a time when the Library is not at capacity.  Prisoners may also bring their own personal typewriters into the Library, subject to restrictions based upon maintaining the security of staff and other prisoners.  Librarians on staff would not deny a prisoner immediate access to a typewriter for any reason other than the four typewriters provided in the Library are already in use.  The Library also provides prisoners with five to ten sheets of paper upon request. (Cheng, Delcr. ¶¶ 3, 5-6).
>
> [2.] Prisoners with pending court deadlines may apply for Priority Library User (PLU) status by filling out an Inmate Law Library Access Request Form and providing a copy of a court order, or other proof, of a court deadline within thirty-days of the PLU request. (Id., at ¶¶ 4-5, Exhibit 1).
>
> [3.] Prisoners may request that a staff librarian assign a Library clerk to assist prisoners with legal research questions, technical problems and with handwriting legal documents, dictated by the

---

[3]  To the extent plaintiff seeks injunctive relief related to an incident that occurred during plaintiff's physical therapy session on November 23, 2015, this will be addressed in a separate order.  See ECF Nos. 81, 85.

3

|   |   |
|---|---|
| 1 | prisoner, without providing any documentation of a disability.  (Id., at ¶¶ 2, 6). |
| 2 |   |

3   ECF No. 67 at 2-3.

4   In support of the Statement of Available Accommodations, the Deputy Attorney General

5   submitted the declaration of Y. Cheng, Senior Prison Law Librarian at California Medical

6   Facility.  ECF No. 67-1.  In his declaration, Cheng explains that the library is open seven days a

7   week to accommodate prisoners who work full time; that prisoners who need additional time with

8   library typewriters or other accommodations due to a writing-related disability can request the

9   librarian's assistance without providing any documentation of disability; and that when a prisoner

10  requests additional library time, the librarian will either allow the prisoner to remain in the library

11  or will provide the prisoner with a library pass to return on a different day or time when the

12  library can accommodate him.  Id. at 2-3.

13  The Deputy Attorney General explained that although plaintiff has access to writing-

14  related accommodations, plaintiff has "not taken advantage of these accommodations because he

15  has not asked for assistance."  ECF No. 67 at 3.  According to Cheng's declaration, between

16  August 17, 2012 and June 25, 2015, plaintiff did not request any assistance from library clerks or

17  any writing-related accommodations, and did not request PLU status.  ECF No. 67-1 at 3.  Cheng

18  further indicated that in June 2015, plaintiff received additional library time after requesting it

19  from a librarian on staff.  Id.

20                   B.  Plaintiff's Explanation of Needed Accommodations

21  Plaintiff has filed a litany of motions, notices, and requests essentially arguing that the

22  accommodations described in Cheng's declaration are not truly available to plaintiff or do not

23  sufficiently accommodate plaintiff's disability.  See ECF Nos. 70, 71, 73, 74, 76, 77, 78, 80; see

24  also ECF Nos. 54, 55, 57, 58, 62, 63, 65, 68, 69.  Due to the volume and repetitive nature of

25  plaintiff's filings, the court will summarize plaintiff's issues below rather than address each filing

26  individually.

27
- **Plaintiff has limited use of his hands.**  Plaintiff is in a wheelchair and has degenerative arthritis in both hands.  Because writing by hand is very painful,

28

4

plaintiff needs assistance with writing and access to a functional typewriter in the law library.

- **Plaintiff does not have adequate access to a functional typewriter in the law library**. The typewriters in the law library are available on a first come first serve basis only. There are four or fewer typewriters, which is not enough for the 28 inmates allowed in the library at any given time. Because of his disability, plaintiff requires more time than a "normal" person when using the typewriter. Plaintiff has requested additional typewriter time, but his requests were denied by librarian Sanchez. The typewriters in the law library are sometimes out of typewriter ribbon and are therefore nonfunctional.

- **Plaintiff does not have adequate assistance conducting legal research.** Research in the law library is done on the E-law library. Because of plaintiff's arthritis, it takes him four to five times longer than a normal person to use the E-law library. Furthermore, the location of the E-law library in relation to the typewriters prevents plaintiff from being able to conduct effective legal research. Because of his arthritis, plaintiff cannot take notes by hand when using the E-law library and needs to use a typewriter. However, the typewriters are located on the other side of the room from the E-law library and inmates are not permitted to use the typewriter and E-law library at the same time. As a result, plaintiff cannot take notes or write down case names when using the E-law library.

- **Plaintiff does not have adequate time in the law library.** Because of his disability, it takes plaintiff many days to do what a "normal" person could do in one or two hours in the library. Plaintiff has asked for more library time in the past and was told he could not receive more than four hours of library time, even with his disability and need for a typewriter.

- **Plaintiff's work schedule interferes with his ability to receive assistance in the law library.** In August 2014, plaintiff was given a full time work assignment. Plaintiff alleges that he was given the full time assignment in order to prevent him from litigating this case. Because plaintiff works from 8:30 a.m. to 3:30 p.m. Monday through Friday, plaintiff can only go to the law library on Saturday and Sunday. LTA MacAtee, who assisted plaintiff in the past,[4] works in the library Monday through Friday only. The other inmates who could assist plaintiff also work only Monday through Friday. As a result, there is no one to help plaintiff in the law library on Saturday and Sunday.

- **Plaintiff's requests for assistance have been denied.** When plaintiff asked Senior Librarian Cheng for assistance, Cheng said to come back in four days.[5] Cheng also informed plaintiff that if he wants more help, he needs a court order. As a result, plaintiff has had to beg other inmates for assistance. However, these

---

[4] Plaintiff's request for counsel received by the court on March 2, 2015 appears to have been prepared by LTA McAtee. See ECF No. 40. The form indicates that McAtee is a Library Technical Assistant employed by CDCR. See id. at 3.

[5] It is unclear if plaintiff returned to the library four days later to receive assistance.

inmates are getting tired of helping plaintiff and will not continue to provide assistance in the future. Because of "prison politics," inmates choose to provide assistance to some inmates but not to others, hindering plaintiff's efforts to obtain assistance. Plaintiff also appears to allege that he is unable to get assistance in the library because he is required to sit in the wheelchair area, and has not been offered the same opportunities for assistance that other inmates in wheelchairs receive.

- **Plaintiff's requests for PLU status have been denied.** Plaintiff alleges that he "has been having problems getting priority ducat passes." Even with a court deadline, plaintiff still cannot get a priority ducat until three weeks later. This affects plaintiff because when the prison is on lockdown, only those with priority ducats are allowed to go to the law library.

- **Relief Sought:** Plaintiff seeks a phone call with the court to discuss plaintiff's accommodation issues and a court order granting plaintiff access to a functional typewriter, assistance with writing, and additional time in the law library.

### C. Discussion of Available Accommodations

At the outset, the court notes that the sheer volume of plaintiff's filings undermines plaintiff's assertion that he has not been able to obtain writing-related assistance in the law library, as the majority of plaintiff's recent filings have been typed (apparently with the assistance of other inmates). In the last two months alone, plaintiff has filed seven letters or notices to the court, all of which have been typed. Given the recent volume of typed filings submitted by plaintiff, it appears that plaintiff's issues with general typewriter access have been resolved. Accordingly, to the extent plaintiff requests a court order granting him general access to a typewriter, the request is denied as moot.

However, plaintiff's allegations suggest that in addition to typewriter access, plaintiff requires assistance conducting research on the E-law library. Specifically, it appears that plaintiff is not able to take notes while conducting research using the E-law library because the typewriters are not located near the E-law library, and plaintiff cannot take notes by hand. Plaintiff's issue with the E-law library appears to be further complicated by the fact that plaintiff is in a wheelchair, which apparently affects which part of the library plaintiff is allowed to sit in.

The Statement of Accommodations filed by defendants suggests that the law library at CMF is equipped to accommodate plaintiff's disability. Specifically, it appears that plaintiff can

request that the librarian assign a clerk to assist plaintiff with "legal research questions" and "technical problems."  ECF No. 67 at 3.  Presumably, this clerk would be able to assist plaintiff with using the E-law library and with taking notes.  Defendants' Statement also indicates that a library clerk could handwrite documents dictated by plaintiff, id., thereby minimizing the concern regarding typewriter availability.

It is not clear to the court whether plaintiff has specifically requested that the librarian assign a clerk to assist plaintiff in the law library.  Librarian Cheng states in his declaration that his search of the Library Assistance Log indicated that plaintiff did not request assistance from library clerks or other writing-related accommodations between August 17, 2012 and June 25, 2015.  However, the court's own record suggests that plaintiff requested assistance on at least one occasion (though perhaps not through formal channels), as plaintiff's motion for appointment of counsel was prepared by CDCR employee LTA McAtee in January 2015, apparently to accommodate plaintiff's disability.  See ECF No. 40.  Thus, it appears that the Library Assistance Log does not necessarily reflect all inmate requests for assistance.

Plaintiff also states he asked librarian Cheng for assistance and was told to come back in four days.  ECF No. 76 at 2.  However, it is unclear whether plaintiff returned four days later to receive assistance.  In another document filed in October 2015, plaintiff states that he asked the Senior Law Librarian "for assistance (per Declaration by Y. Cheng 8th July 2015)," but did not receive assistance.  ECF No. 79 at 2.  Plaintiff goes on to state that no accommodations are being provided while using the E-Law Library.  Id.

It is not entirely clear whether plaintiff has followed the proper channels for requesting assistance in the law library, or that plaintiff returned to receive assistance when instructed to do so by the law librarian.  However, in an abundance of caution, the court will require defendants to address plaintiff's specific assertion that he is not being provided with assistance using the E-law library and taking notes on his research.  Accordingly, the Deputy Attorney General is directed to file a statement with the court within ten (10) days indicating whether a library clerk would be able to assist an inmate such as plaintiff, who is in a wheelchair, with physically using the E-law library, taking notes, and handwriting a document dictated by the inmate.  The statement should

clearly spell out the procedures for requesting this type of assistance. If the procedure is to fill out a form requesting assistance, the statement should indicate how an inmate who has trouble using his hands should request assistance if he is unable to fill out the form.

**Plaintiff <u>shall</u> <u>not</u> file any additional motions or responses until the court has received the Deputy Attorney General's updated statement.** Once the Deputy Attorney General's statement has been filed, plaintiff may, but is not required to, file <u>one</u> document responding to the statement. Any additional responses relating to the statement will be disregarded.

IV.     Request for Extension of Time (ECF No. 70)

On August 20, 2015, plaintiff requested an extension of time to respond to the July 2, 2015 order denying plaintiff's motion for reconsideration.[6] ECF Nos. 70, 71. It is clear from plaintiff's motion that his request is based entirely on his desire to continue explaining why he requires a typewriter and other writing-related accommodations, as he has done in numerous other motions.[7] See ECF No. 71 at 2-3. Plaintiff's motion is denied.

V.      Motions to Dismiss (ECF Nos. 47 & 53)

Defendant Clark, Ditomas, and Rading's motion to dismiss and defendant Dhillon's separate motion to dismiss are currently pending before the court. ECF Nos. 47, 53. In their motions, defendants move to dismiss the first amended complaint for failure to state a claim upon which relief can be granted.

In the first amended complaint, plaintiff alleges that defendants were deliberately indifferent to his serious medical needs, and indicates that he has administrative grievances, sick call requests, and "other medical paperwork" relevant to his allegations that are not attached to

---

[6] Plaintiff had filed a motion for reconsideration of this court's June 16, 2015 order denying his request for appointment of counsel and requiring further briefing on the writing-related accommodations available to plaintiff. ECF No. 63. On July 2, 2015, the district judge denied plaintiff's motion for reconsideration and noted that plaintiff's writing-related accommodations would be addressed by the magistrate judge after defendants filed their Statement of Accommodations. ECF No. 66.

[7] The court also notes that, prior to requesting an extension of time, plaintiff had already filed a brief response to the order denying plaintiff's motion for reconsideration. See ECF No. 69.

the complaint.  See ECF No. 30 at 6.  Upon review of the motions to dismiss, the court has determined that neither motion can properly be resolved on the merits without consideration of the documents referenced in plaintiff's first amended complaint.  While plaintiff has submitted a number of piecemeal filings containing various administrative grievances and other requests, it is not clear that any of these are the same documents referenced in the complaint.

Accordingly, the court will direct plaintiff to compile the documents referenced in his first amended complaint that he believes support his allegations against defendants Clark, Ditomas, Rading, and Dhillon.  Plaintiff shall submit these documents to the court as a single filing.  Plaintiff should label the filing "Exhibits to the First Amended Complaint."  Plaintiff shall submit these documents only once.

Defendants' motions to dismiss are vacated without prejudice to their renewal once plaintiff files the above exhibits.  Once defendants re-file their motions to dismiss, plaintiff shall file a revised opposition to each motion.  **Plaintiff is advised that he must separately oppose each motion.**  In other words, plaintiff must file one opposition to defendant Clark, Ditomas, and Rading's motion to dismiss, and a separate opposition to defendant Dhillon's motion to dismiss.  Once plaintiff files his oppositions, defendants may file revised replies.

VI.     Summary of Directions to Plaintiff

**Plaintiff must stop filing miscellaneous letters, notices, and updates with the court.**  Plaintiff should not file any other documents unless directed to do so by the court.

**At this time, plaintiff may file only the "Exhibits to the First Amended Complaint."**  This should consist of the documents (such as health care appeals or medical records) that plaintiff referred to in his First Amended Complaint that support his claims against defendants.  These documents should be submitted as one single filing.  Once plaintiff submits these documents, he should not submit them again.  **These are the only documents plaintiff may file at this time.**

After the Deputy Attorney General files an updated statement of accommodations, plaintiff may file **one** response.  If plaintiff asserts that he is still not receiving assistance with the E-Law Library, he must clearly explain how he requested assistance, what type of assistance he

1   requested, and what he was told in response to his request.  Plaintiff is advised that in requesting

2   assistance, he must follow the procedures outlined in the Deputy Attorney General's updated

3   statement of accommodations.  For example, if plaintiff is told to return on another day to receive

4   assistance, plaintiff must do so.

5   After defendant Clark, Ditomas, and Rading re-file their motion to dismiss, plaintiff must

6   file an opposition to defendant Clark, Ditomas, and Rading's motion to dismiss.  If plaintiff needs

7   an extension of time to file his opposition, plaintiff may file a request for additional time.  The

8   request for additional time should be no more than one page.

9   After defendant Dhillon re-files his motion to dismiss, plaintiff must file an opposition to

10  defendant Dhillon's motion to dismiss.  If plaintiff needs an extension of time to file his

11  opposition, plaintiff may file a request for additional time.  The request for additional time should

12  be no more than one page.

13  At this time, plaintiff may not file any additional documents other than those listed above.

14  Finally, plaintiff is advised that the court has received plaintiff's motion for injunctive

15  relief regarding the incident that allegedly occurred during plaintiff's physical therapy session on

16  November 23, 2015.  The court will address this issue in a separate order.  Plaintiff must not file

17  any additional updates, letters, or other documents regarding this incident unless directed to do so

18  by the court.  Any additional filings not authorized by the court will be disregarded.

19       VII.    Conclusion

20  In accordance with the above, IT IS HEREBY ORDERED that:

21  1. Plaintiff's requests for accommodations (57, 58, 65, 71, 76, 77, 80) are granted in part

22  and denied in part.  Plaintiff's request for a court order granting access to a typewriter is denied

23  without prejudice.  Plaintiff's request for assistance using the E-law library is granted to the

24  extent that the Deputy Attorney General is directed to file within ten (10) days from the filing

25  date of this order an updated statement of accommodations, as set forth above;

26  2. Plaintiff's request to speak with the court by phone (ECF No. 62) is denied;

27  3. Plaintiff's motion for an extension of time (ECF No. 70) is denied;

28  4. Within thirty days from the filing date of this order, plaintiff shall file the documents

referenced in his first amended complaint that support his allegations against defendants Dhillon, Clark, Ditomas, and Rading.  Plaintiff shall file these documents as a single exhibit labeled "Exhibits to the First Amended Complaint."  Plaintiff shall submit these documents only once.

5. Defendant Clark, Rading, and Ditomas' motion to dismiss (ECF No. 47) and defendant Dhillon's motion to dismiss (ECF No. 53) are vacated without prejudice to renewal once plaintiff files the above exhibits;

6. Upon re-notice of the motions to dismiss, plaintiff shall have 30 days to oppose each motion.  Plaintiff must file a separate opposition to each motion, meaning that he should file one opposition to defendant Rading, Clark, and Ditomas' motion to dismiss, and another opposition to defendant Dhillon's motion to dismiss.  Following the filing of plaintiff's respective oppositions, defendants shall have seven days to file a revised reply.

DATED: March 7, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE