1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH LAVERY,                              No.   2:13-cv-2083 MCE AC P

12                Plaintiff,

13        v.                                     ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   B. DHILLON, et al.,

15                Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed

18   pursuant to 42 U.S.C. § 1983.  This action proceeds on the first amended complaint against

19   defendants Dhillon, Rading, Ditomas, and Clark for inadequate medical care in violation of the

20   Eighth Amendment.  ECF No. 30.  Plaintiff is currently incarcerated at California Medical

21   Facility ("CMF") in Vacaville, California, where the alleged violations of plaintiff's rights took

22   place.

23        I.      Motion for Preliminary Injunctive Relief and Temporary Restraining Order

24        Plaintiff has filed a motion for preliminary injunctive relief and a temporary restraining

25   order.  ECF No. 81.  In his motion, plaintiff describes an incident that occurred on November 23,

26   2015 during his physical therapy session at CMF.  Id. at 2.  Plaintiff alleges that as he was

27   reaching for the parallel bars, at his therapist's direction, "something ripped/tore [in plaintiff's]

28   lower right back/upper butt cheek area."  Id.  Plaintiff was given a heat pad, which he lay down

                                              1

1   with for approximately twenty minutes.  Then, "without any warning or any kind of notice," his

2   physical therapist lifted his right foot and right leg and placed it on top of a physical therapy ball,

3   causing plaintiff excruciating pain.  Id.  An emergency crew took plaintiff to the emergency room

4   and "put a[n] ice pack under his right butt cheek."  Id. at 2-3.

5        Thirty to forty minutes later, a nurse told plaintiff that he had to leave the emergency

6   room.  Id. at 3.  Plaintiff explained that he was still in severe pain and could not leave on his

7   own.[1]  Thirty minutes thereafter, another nurse told plaintiff that the doctor wanted him to leave.

8   Plaintiff "could not understand this" because "the doctor always comes to . . . ask you questions."

9   Id.  Plaintiff alleges that while he was talking to the nurse, he saw defendant Dr. Dhillon in

10  another part of the emergency room.  Dr. Dhillon looked at plaintiff, gave plaintiff a "dirty look,"

11  and then looked away.  Id.

12       Plaintiff asserts that plaintiff has never had a physical therapist move any part of his body

13  without asking or informing him beforehand.  Plaintiff contends that he is being retaliated against

14  and asserts that physical therapists and medical staff "should not be forcing any limb or any other

15  part of the body to go where it cannot go."  Id. at 3-4.  Plaintiff further alleges that defendant

16  Dhillon has in the past spoken to plaintiff about "things that shouldn't properly be discussed

17  without . . . the court's attention."  Id. at 3.  Plaintiff alleges that he will suffer "irreparable harm

18  and further injury" without court intervention.  Id. at 4.

19              A. Legal Standards

20       A temporary restraining order is an extraordinary measure of relief that a federal court

21  may impose without notice to the adverse party if, in an affidavit or verified complaint, the

22  movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the

23  movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The

24  purpose in issuing a temporary restraining order is to preserve the *status quo* pending a fuller

25  hearing.  The standard for issuing a temporary restraining order is essentially the same as that for

26  issuing a preliminary injunction.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d

27

28  _____

    [1]  Plaintiff alleges that he is confined to a wheelchair.  ECF No. 81 at 4.

832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

In order to prevail on a motion for injunctive relief, the moving party must demonstrate that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) that the relief sought is in the public interest.  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit has held that injunctive relief may issue, even if the moving party cannot show a likelihood of success on the merits, if "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low.  Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

B.  Discussion

Although it is not entirely clear, plaintiff appears to seek an order enjoining his physical therapist, and possibly other medical staff at CMF, from moving plaintiff's limbs without his consent during his physical therapy sessions and/or from retaliating against plaintiff for the instant lawsuit.  However, plaintiff has alleged no facts suggesting that his physical therapist was aware of this lawsuit, or that his therapist's actions were in any way connected to the defendants in this action.  To the extent plaintiff asserts that his physical therapist, or other medical staff, might injure him in the future by moving his limbs without his consent or by engaging in unspecified acts of retaliation, plaintiff's allegations are entirely speculative.  Speculative injury does not constitute irreparable harm.  See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir.

3

1    1984).  Accordingly, plaintiff has failed to show that he is likely to suffer irreparable harm.

2           Moreover, the court is unable to grant injunctive relief against plaintiff's physical therapist

3    and other medical staff because they are not parties to the instant lawsuit.  A district court has no

4    authority to grant relief in the form of a temporary restraining order or permanent injunction

5    where it has no jurisdiction over the parties.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584

6    (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . .

7    court, without which the court is powerless to proceed to an adjudication.") (citation and internal

8    quotation omitted); Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058,

9    1061 (9th Cir. 1985) (vacating district court's order granting preliminary injunction for lack of

10   personal jurisdiction).  Plaintiff also provides no specific facts to show that his physical therapist

11   was acting "in active concert or participation" with defendants.  Fed. R. Civ. P. 65(d)(2); Zenith

12   Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice

13   cannot be held in contempt until shown to be in concert or participation.").  Because the court

14   lacks jurisdiction over plaintiff's physical therapist, and other unidentified medical staff, the

15   motion for injunctive relief must be denied.  If plaintiff wishes to pursue a claim against his

16   physical therapist, he must file a new civil rights action.  See George v. Smith, 507 F.3d 605, 607

17   (7th Cir. 2007) (unrelated claims against different defendants belong in different suits).

18          With respect to defendant Dhillon, plaintiff appears to assert, based on the "dirty look" he

19   received from across the room, that defendant was the doctor who ordered plaintiff to leave the

20   emergency room and that he did so in retaliation for the instant lawsuit.  To the extent plaintiff's

21   motion can be interpreted to assert that defendant will retaliate against plaintiff in the future

22   without court intervention, the undersigned finds plaintiff's allegations too speculative to warrant

23   relief.  See Caribbean Marine Servs. Co., 844 F.2d at 674.  Plaintiff's general allegation that he

24   has been injured in the past by other medical staff[2] and will therefore suffer harm in the future is

25   insufficient.  Furthermore, while plaintiff makes a vague reference to improper conversations he

26

27   ───────────────
     [2]  It appears that plaintiff is referring an incident that occurred on August 17, 2012, when a nurse
28   allegedly hit plaintiff's sciatic nerve when giving him an injection.  See ECF No. 81 at 4; ECF
     No. 30 at 3.

                                                    4

1    had with defendant on other occasions, it is not clear what these conversations were about or how

2    they show that plaintiff is likely to suffer irreparable harm in the future in the absence of

3    injunctive relief.  Because plaintiff has alleged only a speculative injury, the undersigned will not

4    recommend issuing injunctive relief and does not reach the issue of likelihood of success on the

5    merits.

6         II.       Plaintiff's "Motion to Dismiss"

7         Plaintiff also filed a document entitled "Motion To Dismiss Without Prejudice,"

8    indicating that he would like his case to be dismissed while he pursues other avenues of relief.[3]

9    ECF No. 101.  However, plaintiff subsequently filed a request for appointment of counsel, ECF

10   No. 104, followed by a request for court assistance, ECF No. 105.  Based on plaintiff's request

11   for counsel and request for assistance, it appears that plaintiff may not wish to have his case

12   dismissed.  However, plaintiff's intentions remain unclear.

13        In order to clarify whether plaintiff wishes to move forward with his case, plaintiff will be

14   required to fill out the attached form entitled "Notification to Court."  Plaintiff will inform the

15   court whether he wishes to proceed with his case, or have his case dismissed, by checking the

16   appropriate box on the form.  In other words, if plaintiff wishes to dismiss this case, he should

17   check the first box.  If plaintiff wishes to move forward with this case and does not want his case

18   to be dismissed, he should check the second box.  Plaintiff will also indicate, by checking the

19   appropriate box, whether he is interested in a settlement conference.

20        Plaintiff is advised that he is **not** required to provide any explanation on the form or

21   prepare any additional documents at this time.  He should simply check the appropriate boxes on

22   the form and return it to the court.

23        The court will rule on plaintiff's "motion to dismiss," request for counsel, and request for

24   assistance after plaintiff returns the attached Notification to the court.

25   ////

26   ////

27

28   _____

     [3]  Defendants filed statements of non-opposition to plaintiff's motion.  ECF Nos. 102, 103.

5

1    III.    Summary

2         Plaintiff's motion for a preliminary injunction and temporary restraining order should be

3    denied because plaintiff's physical therapist is not a party to this lawsuit, and plaintiff's

4    allegations with respect to defendant Dhillon are too speculative to warrant relief.  If plaintiff

5    wishes to bring a claim against his physical therapist, he will need to file a separate lawsuit.

6         The court has not ruled on plaintiff's motion to dismiss because it is not clear whether

7    plaintiff still wishes to dismiss this case.  In order to clarify whether plaintiff wishes to dismiss

8    this case, plaintiff must fill out the attached "Notification to Court" form and return it to the court.

9    **Plaintiff is not required to include any explanation on the form.**  He should simply check the

10   appropriate boxes, sign and date the form, and return it to the court.

11        The court will rule on plaintiff's pending motion to dismiss, motion for appointment of

12   counsel, and request for assistance after plaintiff has returned the Notification form.

13   IV.    Conclusion

14        In accordance with the above, IT IS HEREBY ORDERED that **within thirty (30) days**

15   **from the filing date of this order, plaintiff shall return the attached "Notification to Court"**

16   **form indicating whether he wishes to proceed with this action.**

17        IT IS FURTHER RECOMMENDED that plaintiff's motion for preliminary injunctive

18   relief and a temporary restraining order (ECF No. 81) be denied.

19        These findings and recommendations are submitted to the United States District Judge

20   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

21   after being served with these findings and recommendations, plaintiff may file written objections

22   with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

23   and Recommendations."  **Due to exigencies in the court's calendar, no extensions of time will**

24   **be granted.**  Plaintiff is advised that failure to file objections within the specified time may waive

25   the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26   DATED: August 26, 2016

27   ALLISON CLAIRE

28   UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSEPH LAVERY,                        No.   2:13-cv-2083 MCE AC P

12              Plaintiff,

13         v.                              NOTIFICATION TO COURT

14   B. DHILLON, et al.,

15              Defendants.

16

17       **Check One:**

18       _____ Plaintiff wants to dismiss this case without prejudice.

19       _____ Plaintiff does not want to dismiss this case.

20

21       **Check One:**

22       _____ Plaintiff is interested in a settlement conference.

23       _____ Plaintiff is not interested in a settlement conference.

24

25

26   _____              _____

27         Date                        Plaintiff's Signature

28

7