UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAVERY, | No. 2:13-cv-2083 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| B. DHILLON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding with a civil rights action. The court now addresses the status of the case in light of the recent appearance of counsel, ECF No. 117. Until counsel entered the case on November 1, 2016, plaintiff had been representing himself.

On April 8, 2016, plaintiff filed a document entitled "Motion To Dismiss Without Prejudice," indicating that he would like his case to be dismissed while he pursues other avenues of relief.[1] ECF No. 101. However, plaintiff subsequently filed a request for appointment of counsel, ECF No. 104, followed by a request for court assistance, ECF No. 105. In an order dated August 29, 2016, the court ordered plaintiff to clarify whether he wished to move forward with his case and explained that it would rule on plaintiff's "motion to dismiss," request for counsel, and request for assistance after plaintiff returned the notification to the court. ECF No.

---

[1] Defendants have filed statements of non-opposition to plaintiff's motion. ECF Nos. 102, 103.

1

108 at 5; ECF No. 113 at 2.

Plaintiff then filed another request for appointment of counsel, ECF No. 114, along with the "Notification to Court," indicating that he wished to proceed with his case "if he has a lawyer to properly represent him," and that he is interested in a settlement conference, ECF No. 114-1 at 2. Plaintiff also filed a request for a conference with the court and Attorney General. ECF No. 116.

On November 1, 2016, counsel entered his appearance on behalf of plaintiff. ECF No. 117. In light of the appearance of counsel, plaintiff's outstanding pro se motions will be denied as moot.

Plaintiff may now proceed on the first amended complaint (ECF No. 30) against defendants Dhillon, Clark, Ditomas, and Rading.[2] If plaintiff chooses to proceed on the first amended complaint, he shall (through counsel) file the documents referenced in the first amended complaint that support plaintiff's allegations against defendants. See ECF No. 97 at 10-11. These documents shall be filed as a single exhibit labeled "Exhibits to the First Amended Complaint."

Alternatively, plaintiff may file a motion to amend the complaint, accompanied by a proposed second amended complaint in which he refines plaintiff's claims against these defendants, and attempts to add additional cognizable claims against these and/or other defendants. If plaintiff chooses to file a second amended complaint, the complaint must allege in specific terms how each named defendant allegedly violated plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d

---

[2] Plaintiff has filed a first amended complaint, ECF No. 30, and defendants have filed motions to dismiss, ECF Nos. 47, 53. In an order dated March 7, 2016, the court ordered plaintiff to file within thirty days the documents referenced in his first amended complaint that support his allegations against defendants as a single exhibit labeled "Exhibits to the First Amended Complaint." ECF No. 97 at 10-11. The court vacated defendants' motions to dismiss without prejudice to renewal once plaintiff filed the above exhibits. Id. at 11. Plaintiff has not filed "Exhibits to the First Amended Complaint."

1  740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights

2  violations are not sufficient.  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

3       An amended complaint supersedes the original complaint and must therefore be complete

4  in itself without reference to the original complaint.  <u>See</u> Local Rule 220; <u>Loux v. Rhay</u>, 375 F.2d

5  55, 57 (9th Cir. 1967).  Therefore, a second amended complaint must identify each claim and the

6  challenged conduct of each defendant.

7       Within thirty (30) days after the filing date of this order, plaintiff shall either (1) file a

8  single document labeled "Exhibits to the First Amended Complaint," which includes all the

9  documents referenced in the first amended complaint that support plaintiff's allegations against

10  defendants (<u>see</u> ECF No. 97 at 10-11), thereby demonstrating his desire to proceed on the first

11  amended complaint; OR (2) file a motion to amend, accompanied by a proposed second amended

12  complaint, which shall be noticed and briefed in accordance with the requirements of Local Rule

13  230(a)-(k).  If plaintiff files the "Exhibits to the First Amended Complaint," defendants may

14  renew their motions to dismiss.  <u>See</u> <u>id.</u> at 11.  If plaintiff files a motion to amend accompanied

15  by a second amended complaint, defendants may respond to the motion and, if the motion is

16  granted, the second amended complaint will be screened by the court pursuant to 28 U.S.C. §

17  1915A.

18       Mr. Lavery is informed that because he no longer represents himself, he should not file

19  anything directly with the court but should permit counsel to file all documents on his behalf.

20       Accordingly, IT IS HEREBY ORDERED that:

21       1.  Plaintiff's motion to dismiss (ECF No. 101), motions for the appointment of counsel

22  (ECF Nos. 104 and 114), motion for court assistance (ECF No. 105), and motion for conference

23  (ECF No. 116) are DENIED as moot.

24       2.  Within thirty (30) days after the filing date of this order, plaintiff shall file either (1) a

25  single document labeled "Exhibits to the First Amended Complaint," which includes all the

26  documents referenced in the first amended complaint that support plaintiff's allegations against

27  defendants, thereby demonstrating his desire to proceed on the first amended complaint; OR (2) a

28  motion to amend accompanied by a proposed second amended complaint.

3. Any motion to amend, and all future motions in this case, shall be filed pursuant to Local Rule 230(b)-(j); subsection (l) of Local Rule 230 no longer applies as plaintiff is no longer proceeding in pro per.

DATED: December 9, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE