UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JOSEPH LAVERY, | No. 2:13-cv-2083 MCE AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| B. DHILLON, et al., | |
| Defendants. | |

On March 23, 2017, defendants filed motions to dismiss plaintiff's complaint. ECF Nos. 124, 125. Hearing on defendants' motion to dismiss is presently set before the undersigned for May 3, 2017.[1] ECF No. 127 (minute order). Attorney Paul R. Martin is counsel of record for plaintiff. See ECF No. 117. Pursuant to this court's Local Rules, counsel for plaintiff was required to file and serve a written opposition or statement of non-opposition to the pending motions at least fourteen (14) days prior to the hearing date, or April 19, 2017. See E.D. Cal. L.R. 230(c).[2] Plaintiff has failed to file written oppositions or statements of non-opposition with

---

[1] Defendant Dhillon noticed his motion to dismiss for a hearing to take place on April 26, 2017. ECF No. 124. Defendants Clark, Rading, and Ditomas noticed their motion to dismiss for a hearing to take place on May 3, 2017. ECF No. 125. In order to maintain efficiency, the undersigned rescheduled the hearing on defendant Dhillon's motion to dismiss (ECF No. 124) for May 3, 2017. ECF No. 127 (minute order).

[2] More specifically, Eastern District Local Rule 230(c) provides:
(continued)

1

respect to defendants' motions.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[3] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal").

Nevertheless, in light of the court's desire to resolve defendants' motions on the merits, the court will continue the hearing on the motions and provide plaintiff a final opportunity to oppose the motions or file statements of non-opposition. Plaintiff's counsel is cautioned that failure to meet this extended deadline will be considered as plaintiff's non-opposition to and grounds for granting defendants' motions to dismiss. Counsel is further cautioned that a failure to comply with this order may result in the imposition of appropriate sanctions, including, but not limited to, monetary sanctions and/or the possible recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

---

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

[3] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark Cnty. Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

2

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on defendants' motions to dismiss (ECF Nos. 124, 125), which is presently set for May 3, 2017, is CONTINUED until May 17, 2017 at 10:00 a.m. in Courtroom No. 26 (AC) before the undersigned.

2. Plaintiff's counsel shall file written oppositions to defendants' motions, or statements of non-opposition thereto, on or before May 3, 2017. Plaintiff's counsel's failure to file written oppositions will be deemed a representation of non-opposition to the pending motions and consent to the granting of the motions, and shall constitute an additional ground for the imposition of appropriate sanctions, including monetary sanctions and/or a possible recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

3. Defendants may file a written reply to plaintiff's opposition, if any, on or before May 10, 2017.

DATED: April 21, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE