UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAVERY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. DHILLON, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-02083 MCE AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding in forma pauperis and with counsel in an action brought pursuant to 42 U.S.C. § 1983. On May 2, 2017, the court dismissed plaintiff's first amended complaint (ECF No. 30) and granted leave to file a second amended complaint. ECF No. 131. Plaintiff, through his counsel, filed a second amended complaint on May 30, 2017. ECF No. 132. Defendants have requested that the court screen the newly filed complaint pursuant to §1915A. ECF Nos. 133 &134. The court will do so.

**I.　　Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**II.     Screening Order**

Plaintiff alleges that on or about August 17, 2012 and while incarcerated at California Medical Facility (CMF), he was given a shot of muscle relaxant by defendant John Doe. ECF No. 132 at 3. The shot allegedly struck a sciatic nerve in his buttocks and left his right leg paralyzed. Id. Plaintiff alleges that his physicians misdiagnosed his injury and failed to provide him with proper treatment. Id. at 3-4. He claims that each of the named defendants violated his Eighth Amendment rights by exhibiting deliberate indifference toward his medical needs. Id. at 4. After review of the complaint and its attached exhibits, the court finds that plaintiff has stated a potentially cognizable claim for deliberate indifference against defendant John Doe. All other defendants, for the reasons stated below, should be dismissed without leave to amend.

**A.     B. Dhillon**

Plaintiff's claims against Dhillon are too vague to proceed. His allegations against this defendant are contained in a single sentence which states only that "Dr. Dhillon refused to provide Plaintiff with appropriate medication, a wheel chair, or crutches when requested." Id. at 4. Plaintiff does not recount any appointment dates or conversations he had with Dhillon regarding his care. He fails to describe what "appropriate medication" Dhillon declined to prescribe or how the medication that was provided (if any) was inadequate. The lack of specificity in the immediate complaint bears an unfortunate similarity to the first amended complaint in this case (ECF No. 30), which was dismissed for failure to state a claim (ECF No.131). In the first amended complaint, plaintiff alleged that Dhillon "denied me treatment that was needed (lay-ins, medication, crutches, and a whhelchair (sic)." ECF No. 30 at 3. These allegations were dismissed after Dhillon filed a motion to dismiss (ECF No. 124) and plaintiff declined to oppose it (ECF No. 130). The court sees little difference, in terms of clarity and specificity, between the claim in the first amended complaint and the one that is now before it.

Further, the exhibits attached to the complaint indicate that plaintiff was provided with both medication and ambulatory aides. In an institutional response to plaintiff's first level appeal, dated November 30, 2012, defendant Rading noted that Dhillon had given plaintiff pain medication, ordered crutches, and referred him to another physician for further evaluation. ECF

No. 132-1 at 5.  A health services request dated August 19, 2012 and signed by Nurse "S. Barker" states that plaintiff "actually came in on a wheelchair today . . . ."  Id. at 18.

### B.     Rading, Ditomas, and Clark

Plaintiff alleges that these defendants denied his 602 prison appeals.  He avers that Rading and Ditomas denied an appeal for crutches.  ECF No. 132 at 4.  He alleges defendant Clark denied an appeal requesting that proper medical treatment be afforded.  Id.  Simple denial of a grievance, without more, does not give rise to a viable constitutional claim.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (finding no viable claim where plaintiff's only allegation against defendants involved their denial of his grievances and an alleged failure to remedy the unconstitutional conduct of other staff).

Additionally, the grievances attached to plaintiff's complaint indicate that officials denied his request for crutches because he had already been provided with crutches.  ECF No. 132-1 at 26.  Clark denied his request for "appropriate care" after determining that his care was already adequate.  Id. at 8-9.  Clearly plaintiff disputes the adequacy of his care, but there is no indication that Clark *knew* his treatment to be inadequate when she denied his appeal.  See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (holding that a prison official acts with deliberate indifference only if she knows of and disregards an excessive risk to inmate health and safety).

### III.    Leave to Amend

The court finds that the record weighs against giving plaintiff a third opportunity to amend for the purpose of stating cognizable claims against defendants Dhillon, Rading, Ditomas, and Clark.  Plaintiff has already been afforded two opportunities to state cognizable claims against these defendants.  Additionally, after defendants' motions to dismiss were summarily granted (ECF No. 131), plaintiff and his counsel presumably understood the inadequacies in their pleading.  The fact that the second amended complaint has not remedied those inadequacies suggests that further attempts at amendment would be futile.  See Hartmann v. CDCR, 707 F.3d

////

4

1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

### IV. Service of Doe Defendant

If the court's recommendations are adopted, this action will proceed only against defendant John Doe. This defendant cannot be served until he is identified. This court will provide plaintiff with sixty days to provide an identity for this defendant. At the end of that deadline, if plaintiff has been unable to produce an identity for John Doe, he may submit a filing showing cause why this action should not be dismissed for failure to serve. That filing should detail the steps that he and his counsel have undertaken to discern this defendant's identity and why an extension of time would not be futile.

### V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The clerk of court shall add "John Doe" – a registered nurse at California Medical Facility – to the docket as a defendant.
2. Plaintiff must identify "John Doe" within sixty days of this order's entry so that service may be attempted.

Additionally, IT IS HEREBY RECOMMENDED that Plaintiff's Eighth Amendment claims for deliberate indifference toward a serious medical need against defendants Dhillon, Rading, Ditomas, and Clark be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within

////
////
////
////

fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 8, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE