UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAVERY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>B. DHILLON, et al.,<br><br>　　　　Defendants. | No. 2:13-cv-02083 MCE AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding in forma pauperis and with counsel in an action brought pursuant to 42 U.S.C. § 1983. On May 2, 2017, the court dismissed plaintiff's first amended complaint (ECF No. 30) and granted leave to file a second amended complaint. ECF No. 131. Plaintiff filed a second amended complaint on May 30, 2017 (ECF No. 132) and, on June 9, 2017, the court determined that that complaint failed to state a cognizable claim against defendants Dhillon, Rading, Ditomas, and Clark. ECF No. 135. The court recommended dismissal of these defendants without leave to amend. Id. Plaintiff subsequently filed objections and indicated that the deficiencies of his claims against these defendants could be rectified by way of a third amended complaint. ECF No. 136. The court vacated its recommendations and gave leave to submit another amended complaint. ECF No. 137. Plaintiff has now filed a third amended complaint (ECF No. 143) and the court will screen it pursuant to §1915A.

////

**I.     Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II. Screening Order

### A. Defendants Dhillon and Doe

Plaintiff alleges that, on or about August 17, 2012 and while incarcerated at California Medical Facility (CMF), he was given a shot of muscle relaxant by defendant John Doe. ECF No. 143 at 3. The shot allegedly struck a sciatic nerve in plaintiff's buttocks and left his right leg paralyzed. Id. Plaintiff alleges that his physicians misdiagnosed his injury and failed to provide him with proper treatment. Id. at 3-4. He claims that each of the named defendants violated his Eighth Amendment rights by exhibiting deliberate indifference toward his medical needs. Id. at 4. After review of the complaint and its attached exhibits, the court finds that plaintiff has stated a potentially cognizable claim for deliberate indifference against defendant Dhillon – whom plaintiff alleges was directly responsible for his inadequate care by way of failing to provide proper pain medication and proper diagnostic tests. The court also finds it appropriate to exercise supplemental jurisdiction over plaintiff's state law negligence claim against defendant Doe. All other defendants, for the reasons stated hereafter, should be dismissed without leave to amend.

### B. Remaining Defendants

Plaintiff alleges that defendants Rading, Ditomas, and Clark denied his 602 prison appeals. He claims Rading and Ditomas denied an appeal for crutches. ECF No. 143 at 4. He alleges that defendant Clark and Ditomas denied an appeal requesting that proper medical treatment be afforded. Id. Finally, plaintiff claims that unspecified defendants cancelled a nerve conduction study and an electromyograph. Id.

As the court has previously noted, denial of a prison grievance does not itself give rise to a viable constitutional claim. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding

that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."). The Seventh Circuit has noted that:

> [o]nly persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (internal citations omitted). That being said, a supervisory defendant may be held liable if, in addition to denying an appeal, they: (1) knew about an ongoing or impending constitutional violation; (2) had the authority and opportunity to stop or prevent that violation; and (3) did not avail themselves of that opportunity. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).

The court finds that plaintiff's claims against Rading, Ditomas, and Clark should be dismissed. Plaintiff has not alleged that any of these defendants were directly involved with his care, nor has he alleged that they had reason to know that his rights were being violated. To the contrary, the appeal forms attached to his complaint indicate that these defendants denied his appeals because they believed his care to be adequate. In a November 2012 response, defendant Rading denied plaintiff's appeal, stating:

> The First Level Appeal, received on November 9, 2012 indicated that you requested "proper treatment for damage from the shot given in sciatic nerve instead of muscle", and you are requesting an MRI to find out how much damage was done to your sciatic nerve. You were examined by your PCP Dr. Dhillon on several occasions as well as TTA providers who did find that you have pain, but the pain is not consistent with the distribution of the sciatic nerve.
>
> Dr. Dhillon has given you pain medications and also ordered crutches for you to help with ambulation. He has also referred you PM&R Dr. Williams for further evaluation hence an MRI is not indicated at this time. Please follow up with your PCP to address any further issues you may have.

ECF No. 143-1 at 96. Similarly, defendant Clark denied one of plaintiff's appeals in January of 2013 stating that "although the first level response does indicate that you are experiencing pain, it is absent results of such studies to show whether or not your sciatic nerve is in fact the issue." Id. at 98. She went on to the primary care provider had prescribed pain medications, crutches, and

4

referred him to another physician for further evaluation. Id.

In his third amended complaint, plaintiff states, in reference to the appeal denials, that:

> Clearly, as late as March 14, 2013 plaintiff's medical providers, including Dr. Dhillon, either were in denial that damage to the sciatic nerve was the cause of plaintiff's problems, or they simply has no clue as to whether the sciatic nerve had been damaged, but they were deliberately indifferent to his problems, refusing to give him proper treatment, or to spend money for diagnostic tests to find out if his sciatic nerve was damaged as a consequence of the injection on Aug. 17, 2012.

ECF No. 143 at 5. Nothing in the complaint indicates that Rading, Ditomas, or Clark were in purposeful denial or turning a blind eye to plaintiff's sciatic nerve damage. Plaintiff has not alleged, for instance, that any of these defendants personally examined him, or were privy to test results from which they should have learned of this injury. To the contrary, the appeal responses indicate that these defendants were relying on the assessments of other medical providers. While it may be, as plaintiff now alleges, that both his medical care and any assessments based on that care were faulty, the alleged facts do not demonstrate that Rading, Ditomas, or Clark knew about such faults at the time they issued their denials. See Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (holding that a prison official acts with deliberate indifference only if she knows of and disregards an excessive risk to inmate health and safety). Thus, the court finds that the allegations in the complaint fail to allege a viable claim of deliberate indifference against these defendants.

**III. Leave to Amend**

The court finds that the record weighs against a fourth opportunity to amend for the purpose of stating cognizable claims against defendants Rading, Ditomas, and Clark. Plaintiff has now been afforded three opportunities to state cognizable claims against these defendants. It is now clear that plaintiff is attempting to hold them liable exclusively for their denials of his grievance appeals. As noted above, that is not a viable claim.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that this action will proceed based on plaintiff's Eighth Amendment claim for deliberate indifference against defendant Dhillon and his state law

negligence claims against defendant Doe.

Additionally, IT IS HEREBY RECOMMENDED that Plaintiff's Eighth Amendment claims for deliberate indifference toward a serious medical need against defendants Rading, Ditomas, and Clark be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: September 18, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE