| | |
|---|---|
| JOSEPH LAVERY, | No. 2:13-cv-2083 MCE AC P |
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| B. DHILLON et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. On March 21, 2018, plaintiff's Motion for Leave to File Fourth Amended Complaint, ECF No. 151, was heard before the undersigned. Paul Martin appeared for plaintiff, and Robert L. Chalfant appeared for defendant Dhillon. For the reasons that follow, the court recommends that the motion to amend be denied, and that the case proceed without further delay on the sole Eighth Amendment claim against remaining defendant Dhillon.

BACKGROUND

Plaintiff commenced this case in pro per almost 5 years ago. He alleges that his leg was paralyzed in 2012 when a prison nurse struck his sciatic nerve while administering an injection, and that prison medical personnel including Dr. Dhillon subsequently failed to provide adequate care.

Prior to the appearance of counsel on November 1, 2016, the complaint was amended

1

twice. ECF Nos. 30, 71. Since he has been represented by counsel, plaintiff has amended a third time. ECF No. 143. On screening, the undersigned found that the Third Amended Complaint stated a potentially viable Eighth Amendment claim against Dr. Dhillon for deliberate indifference to plaintiff's serious medical need, and against the Doe defendant (the unnamed nurse whose injection allegedly caused the paralysis) for state law negligence, but failed to state a claim against the other named defendants. ECF No. 144. The district judge agreed, and all defendants other than Dhillon and Doe were dismissed with prejudice. ECF No. 145. Dhillon answered the complaint (ECF No. 147), the undersigned issued a scheduling order (ECF No. 148), and plaintiff was directed to identify the Doe defendant without further delay (ECF No. 150).

The motion now before the court seeks to amend a fourth time, in order to name the Doe defendant and clarify factual allegations. ECF No. 151.

## STANDARDS

The Federal Rules provide that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is generally applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

Foman v. Davis, 371 U.S. 178, 182 (1962).

Of the factors the district court must consider, prejudice to the opposing party carries the greatest weight. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186-87 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

2

The futility of amendment, however, can justify denial of leave to amend even in the absence of prejudice. Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (citing Outdoor Systems, Inc. v. City of Mesa, 887 F.2d 604, 614 (9th Cir. 1993)); Steckman v. Hart Bewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal. . .") (citations omitted). Amendment is futile, inter alia, where the applicable statute of limitations bars the proposed amendments. See Deutsch v. Turner Corp., 324 F.3d 692, 718 n.20 (9th Cir. 2003); Platt Elec. Supply, Inc. v. Eoff Elec., Inc., 522 F.3d 1049, 1060 (9th Cir. 2008).

Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 265 (1985); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Consistent with this rule, the timeliness of amendments is governed not by the "relation back" provision of Fed. R. Civ. P. 15(c), but by state law. Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989).

Under California law, a plaintiff who names a Doe defendant in a complaint has three years to discover the defendant's identity and amend the complaint accordingly. Lindley v. General Elec. Co., 780 F.2d 797, 799 (9th Cir. 1986). Cal. Code Civ. Proc. § 474 provides that "[w]hen the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint … and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly. . . ." Under Cal. Code Civ. Proc. § 583.210(a) (previously § 581a), "[t]he summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision, an action is commenced at the time the complaint is filed." Taken together with § 474, this rule "effectively extend[s] the . . . statute of limitations three years past the commencement of the action as to defendants named as Does." Lindley, 780 F.2d at 800.

Pursuant to this state law regime, an amendment substituting a named defendant for a previously unnamed defendant in a § 1983 case is timely if (1) the initial complaint either named

fictitious defendants or alleged that the identities of certain defendants was unknown to plaintiff at the time of filing, and (2) the amendment is made within three years. See Lindley, 780 F.2d at 801-802.

DISCUSSION

The proposed Fourth Amended Complaint substitutes Jabir Khatri, R.N., for John Doe. Plaintiff's initial pro se complaint, and each prior amended complaint, has identified John Doe as the nurse who administered the injection allegedly responsible for plaintiff's paralysis. Plaintiff had previously and consistently maintained that he did not know, and had been unable to learn, the identity of this nurse. Although the motion to amend does not specify precisely when plaintiff obtained this information, it was apparently after this court set a deadline for the matter to be resolved. See ECF No. 151 at 4. In support of the instant motion, plaintiff represents that

> . . . ever since counsel Paul R. Martin entered this lawsuit on behalf of Plaintiff, multiple informal efforts over a period of time were made to obtain the true identity of "John Doe." There was a distinct lack of cooperation by the California Medical Facility, where all defendants were employed, to supply this information, and it was only under threat of subpoena that this information was provided, some five years after the Complaint was filed.

Id. at 4-5. Counsel provides no justification for waiting so long to employ the available tools of discovery.

Defendant argues that amendment should be denied as futile, because the naming of Jabir Khatri is time-barred. The court agrees.

Plaintiff's timeliness argument is based on Rule 15(c) relation back principles, but these do not apply in the § 1983 context. Plaintiff makes no counter-argument to defendant's assertion that the proposed amendment is untimely under Cal. Code Civ. Proc. § 474 and Lindley, supra.[1] It is indisputable that this amendment to identify the Doe defendant is made more than three years after commencement of the action. Accordingly, the proposed amendment is untimely under well-established principles. See Lindley, 780 F.2d at 801-802.

Plaintiff contends that the amendment is nonetheless appropriate because it was made

---

[1] At hearing on the motion, Mr. Martin admitted not having researched the issue.

4

pursuant to this court's order. See ECF No. 151 at 4 ("This Motion to Amend directly stems from the Court's ORDER to amend, thereby satisfying FRCP Rule 15(a)(2)."). This argument is specious. The court set a deadline for resolution of a long-standing procedural problem; it did not prospectively authorize amendment or make any representations about the timeliness or merit of potential amendments. See ECF No. 150 (establishing deadline for motion for leave to amend).

Because identification of the Doe defendant is long since time-barred, amendment is futile and should be denied.[2] The undersigned accordingly will recommend dismissal of the Doe defendant, and the case will proceed as currently scheduled (see ECF Nos. 148, 150) against defendant Dhillon only.

Because the motion to amend must be denied on timeliness grounds, the court does not address defendant's other contentions in opposition. The parties' dispute about proposed changes to the complaint's verbiage regarding Dr. Dhillon is much ado about nothing. That dispute is also moot. The claim against Dr. Dhillon is what it has always been: that he acted with deliberate indifference when he failed to provide appropriate medication, wheelchair or crutches to plaintiff, and when he failed to order or ensure necessary diagnostic tests regarding plaintiff's nerve functioning. Whether that claim is adequately pleaded or can be supported by evidence are questions for another day. Discovery and dispositive motion practice regarding that claim must proceed apace.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's Motion To Amend, ECF No. 151, be DENIED;

2. Defendant John Doe be DISMISSED with prejudice; and

---

[2] It is worth noting that the proposed Fourth Amended Complaint also fails to state a claim against Khatri. Although the undersigned had previously recognized an incipient state law claim for negligence against nurse Doe, ECF No. 144, the proposed Fourth Amended Complaint identifies no such cause of action. Rather, it states a single cause of action under § 1983 and the Eighth Amendment against both Khatri and Dhillon. The sole allegations against Khatri are that he "negligently injected Plaintiff in his buttock area, injuring the sciatic nerve which is the direct and proximate cause for Plaintiff's paralysis." ECF No. 153 at 3. Negligence does not rise to the level of an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

5

3. The case proceed on plaintiff's Eighth Amendment claim against defendant Dhillon only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 21, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE