1

2

3

4

5

6

7                                   UNITED STATES DISTRICT COURT

8                            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    JOSEPH LAVERY,                                No.  2:13-cv-2083 MCE AC P

11                    Plaintiff,

12         v.                                       ORDER

13    B. DHILLON, et al.,

14                    Defendants.

15

16         On May 1, 2020, plaintiff filed a "petition for review & consideration of federal court's

17    last order." ECF No. 221.  Since then, plaintiff has also filed a motion for an extension of time to

18    file an opposition to defendant's February 3, 2020 motion for summary judgment.  See ECF No.

19    224.  Plaintiff has also filed two motions for the appointment of counsel.  See ECF Nos. 223, 224.

20    For the reasons stated below, plaintiff's "petition for review" and motions for appointment of

21    counsel will be denied, and his June 4, 2020 request for an extension of time will be granted.

22    I.        "PETITION FOR REVIEW"

23         Plaintiff's "petition for review & consideration of federal court's last order" ultimately

24    seeks assistance from the court with obtaining his legal documents and medical records.  See

25    generally ECF No. 221.  Plaintiff's transfer to another facility in February 2020, as well as a

26    myriad of other problems related to prison life – e.g., delays in receiving records requests from

27    prison authorities, the lack of access to a legal library, a lost box of legal and medical documents

28    – are reasons plaintiff provides in support of his request for court assistance.  See id. at 2-5.  In

                                                   1

1   this motion, plaintiff also requests an extension of time to file a response to defendant's motion

2   for summary judgment, and he asks that the extension begin after he has received his documents.

3   See id. at 5.

4        The court will deny this motion in its entirety.  This case has been on the court's docket

5   since 2013.  Since its commencement, plaintiff has had the benefit of appointed pro bono counsel

6   for limited purposes.  See ECF Nos. 117, 172.  On June 7, 2018, counsel for plaintiff at that time

7   was ordered to return plaintiff's file and all other client papers and property (see ECF No. 168),

8   and it is presumed that subsequently-appointed limited purpose counsel also returned plaintiff's

9   files to him upon her termination in September 2019.  The instant motion does not allege

10  otherwise.

11       Ultimately, as a pro se litigant, it is plaintiff's responsibility to keep track of his case file.

12  In addition, both the public and the court have an interest in disposing of cases in an expedited

13  manner.  See generally Fed. R. Civ. P. 1; see also In re Phenylpropanolamine (PPA) Products

14  Liability Litigation, 460 F.3d 1217 (9th Cir. 2006) (stating orderly and expeditious resolution of

15  disputes is of great importance to rule of law and delay in reaching merits is costly in money,

16  memory, manageability, and confidence in process); Hernandez v. City of El Monte, 183 F.3d

17  393, 399 (9th Cir. 1998).  For these reasons, plaintiff's request for assistance with locating his

18  legal and medical records and his request to delay the filing of his opposition until those

19  documents are located (see generally ECF No. 221) will be denied.

20  II.      MOTIONS FOR THE APPOINTMENT OF COUNSEL

21       Plaintiff's motions for appointment of counsel (see ECF Nos. 223, 224) will also be

22  denied.  The circumstances cited in support of these motions are not materially different from

23  those found insufficient on plaintiff's last several such motions.  See ECF Nos. 214, 215, 216 at

24  2, 220.  In sum, because no exceptional circumstances have been presented in support of these

25  two motions, they will also be denied.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d

26  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

27  ////

28  ////

2

III.     REQUEST FOR AN EXTENSION OF TIME

     Plaintiff's motion filed June 4, 2020, also requests an extension of time to file a response to defendant's motion for summary judgment.  ECF No. 224 at 1.  In support of this request, plaintiff states that he has received more of his legal property, but he is only permitted to review two to three boxes at one time.  See id.  Plaintiff anticipates that prison-wide restrictions due to the coronavirus pandemic will also impede his ability to file his response to defendant's motion for summary judgment more quickly.  See id.

     In light of these facts, plaintiff shall be given a sixty-day extension of time to file his response.  Plaintiff is warned, however, that absent exigent circumstances, no additional extension requests will be granted.  More than 120 days have already passed since defendant filed his motion for summary judgment, and the motion must be resolved.

     Accordingly, IT IS HEREBY ORDERED that:

     1.  Plaintiff's "petition for review," ECF No. 221, is DENIED;

     2.  Plaintiff's motion for the appointment of counsel at ECF No. 223 is DENIED;

     3.  Plaintiff's motion at ECF No. 224 is DENIED insofar as it seeks appointment of counsel and GRANTED insofar as it seeks an extension of time;

     4.  Within sixty days of the date of service of this order, plaintiff shall file a response to defendant's motion for summary judgment.

     **Absent exigent circumstances, no additional requests for extensions of time will be granted.**

DATED: June 16, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3