UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAVERY, | No. 2:13-cv-2083 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| B. DHILLON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 226. The instant motion for the appointment of counsel was docketed the same day that the court issued an order denying plaintiff's most recent motions for the appointment of counsel filed May 29, 2020 and June 4, 2020. See ECF Nos. 223, 224, 225.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Other than plaintiff's assertion that he is unable to do legal work due to prison reconfiguration related to the pandemic, this particular request for the appointment of counsel provides no information that is substantively any different from plaintiff's most recently filed motions, which were denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, filed June 17, 2020 (ECF No. 226), is DENIED.

DATED: June 22, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE