UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAVERY, | No. 2:13-cv-2083 MCE AC P |
| Plaintiff, | |
| v. | ORDER |
| B. DHILLON, et al., | |
| Defendants. | |

Plaintiff has filed a motion for court intervention and a motion for the appointment of counsel. ECF Nos. 228, 229. For the reasons stated below, both motions will be denied.

I.   MOTION FOR INTERVENTION

In plaintiff's motion for court intervention, he alleges that his fingers have been "locked up" for months and that he has not been treated for the ailment by prison medical staff. See ECF No. 228 at 1. He disputes the medical staff's assessment that he is suffering from arthritis, and he has denied any suicidal ideation. See id. Plaintiff claims that the medical staff's failure to treat him for his finger condition is retaliatory for his filing of the instant action. See id. He asks the court to schedule a conference call to address the matter and/or intervene in his treatment plan. See generally id.

It is well-established that a prisoner is not entitled to a particular type of treatment plan or medicinal regimen. See Farmer v. Brennan, 511 U.S. 825, 832-33 (prison officials must ensure

1

inmates receive adequate medical care); Hudson v. McMillian, 503 U.S. 1, 9 (1992) (society does not expect prisoners to have unqualified access to health care).  Furthermore, the motion makes no assertion that injunctive relief might be warranted.  For example, plaintiff readily admits that he is not suicidal, and he has not indicated that irreparable injury may come to him absent intervention on the part of the court.  See generally Dollar Rent-A-Car of Washington, Inc. v. Travelers Indem. Co., 774 F.2d 1371, 1374-75 (9th Cir. 1985) (identifying irreparable harm as element essential to injunctive relief).  For these reasons, plaintiff's motion for court intervention in his medical treatment plan will be denied.[1]

II.     MOTION FOR THE APPOINTMENT OF COUNSEL

In support of his motion for appointment of counsel, plaintiff offers the same reasons he has provided in support of his motion for intervention:  improper treatment of his "locked fingers" by prison medical staff and retaliation for having filed this lawsuit.  See generally ECF No. 229.  He further asserts that his "locked finger" condition has affected his ability to communicate with the court.  See id. at 2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

Plaintiff's arguments in support of the appointment of counsel motion are unpersuasive for the same reasons as his arguments in his motion for court intervention.  The court does not find the required exceptional circumstances, and the request will be denied.

////

////

////

---

[1] To the extent plaintiff may also be attempting to allege new violations of right as they relate to his medical treatment, his filings do not constitute amendments to his claims.  See generally Fed. R. Civ. P. 15(a)(2) (stating amendment of pleading possible only with court's leave or opposing party's consent).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for intervention (ECF No. 228) is DENIED, and
2. Plaintiff's motion for the appointment of counsel (ECF No. 229) is DENIED.

DATED: September 29, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE